17SL-CC03623

Electronically Filed - St Louis County - September 25, 2017 - 09:09 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| PERRY NEWMAN, father of<br>JENNIFER NEWMAN, deceased<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF DES PERES, and<br>DES PERES DEPARTMENT<br>OF PUBLIC SAFETY<br>By and through<br>MAYOR RICK LAHR, and<br>ROBERT WILLOUGHBY,  and<br>JAMES CRUPPER, and<br>WILLIAM MAULL, and<br>VICKIC SERVERS, and<br>Serve at:<br>  1000 Ballas Road<br>  Des Peres, MO<br><br>   Defendants. | Case No.:<br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**PETITION**

**ALLEGATIONS PERTINENT TO ALL COUNTS**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment, and the Eighth Amendment, against Public Safety Officers ROBERT WILLOUGHBY (hereinafter referred to as "WILLOUGHBY") JAMES CRUPPER ("CRUPPER"), WILLIAM MAULL ("MAULL") and VICKIE SERVERS ("SERVERS"), all public safety officers employed by the CITY OF DES PERES, in their individual capacities, and

1



against the CITY OF DES PERE ("CITY") and the DES PERES DEPARTMENT OF PUBLIC SAFETY ("DEPARTMENT") both entities being sued through the Mayor of the City of Des Peres.

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

3. This action also asserts wrongful death negligence claim against the individual defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS.

4. It is alleged that the individual public safety officers engaged in action which resulted in the unreasonable detention, seizure, and incarceration of plaintiff's daughter decedent JENNIFER NEWMAN, thereby violating her rights under the Fourth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants Plaintiff freedom from unreasonable seizure.

5. It is further alleged that this violation was committed as a result of the policies and customs of the CITY and the DEPARTMENT.

6. With regard to the wrongful death claim, it is alleged that WILLOUGHBY, CRUPPER, MAULL, and SERVERS. Carelessly and recklessly caused the wrongful death of Plaintiff's daughter, JENNIFER NEWMAN, by incarcerating her when she required immediate medical attention.

7. Plaintiff PERRY NEWMAN maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

## PARTIES

8. That at all times pertinent to this lawsuit, Plaintiff PERRY NEWMAN was the father of the decedent, JENNIFER NEWMAN. Plaintiff is a resident of County of St. Louis, State of Missouri.

9. Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS were at all times relevant to this action duly appointed and acting as public safety officers of the CITY and the DEPARTMENT, in the State of Missouri, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of Des Peres, State of Missouri.

10. Mayor MARK LAHR, pursuant to chapter §84.000 et. secquiter R.S.Mo., is a proper party for actions against the CITY and the DEPARTMENT.

11. The CITY is the public employer of Mayor Mark Lahr, and Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS.

12. The CITY and the DEPARTMENT are located in St. Louis County, Missouri, and upon information and belief all of the individual defendants are residents of, or can be served with process in St. Louis County, State of Missouri.

## FACTS

13. On or about, September 25, 2014, Public Safety Officers WILLOUGHBY, CRUPPER, MAULL, and SERVERS incarcerated JENNIFER NEWMAN when she was gravely ill and in need of immediate medical care.

14. At that time and place JENNIFER NEWMAN was disabled, unarmed and posed no significant threat of escape or of causing the death or serious physical injury to either Defendants or the public.

15. Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS did not investigate or

Electronically Filed - St Louis County - September 25, 2017 - 09:09 AM

inquire as to whether JENNIFER NEWMAN was fit for confinement or required immediate medical care and instead incarcerated JENNIFER NEWMAN without justification, carelessly, recklessly, and wrongfully causing or contributing to cause the death of JENNIFER NEWMAN.

16. At no point did any of the events which preceded JENNIFER NEWMAN's death justify her incarceration or any of the actions taken by Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS.

17. At all times herein mentioned, Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS acting under the color of the statutes, ordinances, regulations, customs, and usages of defendants CITY and DEPARTMENT and the State of Missouri and under authority of their respective offices as a public safety officers.

## COUNT I

### 42 U.S.C. §1983

1. Paragraphs 1 through 17 are incorporated herein by reference as though fully set forth.

18. Defendants CITY and DEPARTMENT were responsible for the training of all public safety officers in the proper procedures regarding determining prisoner's fitness for confinement and need for emergency medical care in the performance of their duties as public safety officers.

19. Defendants CITY and DEPARTMENT trained Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS in accordance with the statutes, ordinances, regulations, customs, and usages of the CITY and the DEPARTMENT and the State of Missouri.

20. The conduct of Defendants as described above deprived JENNIFER NEWMAN of JENNIFER NEWMAN's right to be secure in her person against unreasonable searches and seizures as guaranteed to JENNIFER NEWMAN under the Fourth Amendment to the United States

Electronically Filed - St Louis County - September 25, 2017 - 09:09 AM

States Constitution, of JENNIFER NEWMAN's right not to be subjected to any cruel and unusual punishment as secured to JENNIFER NEWMAN under the Eighth Amendment to the United States Constitution, and JENNIFER NEWMAN's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to Smith under the Fourteenth Amendment to the United States Constitution.

21. As a direct and proximate result of the unlawful conduct of Defendants JENNIFER NEWMAN was caused to suffer severe pain, mental anguish, and an agonizing death.

22. Additionally, the actions of Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses.

23. As a result of JENNIFER NEWMAN's death, PERRY NEWMAN has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, Plaintiff requests judgment against Defendants jointly and severally, for general, special, and punitive damages, in a sum that to this Court may deem just and reasonable in the premises, for costs of the suit and attorney's fees, and for such other relief as the Court may deem just and equitable.

## COUNT II

### 42 U.S.C. § 1983

24. Paragraphs 1 – 23 are incorporated herein by reference as though fully set forth.

25. The conduct of Defendants as described above deprived JENNIFER NEWMAN of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution, of her right not to be subjected to

to any cruel and unusual punishment as secured to her under the Eighth Amendment to the United States Constitution, and her right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to her under the Fourteenth Amendment to the United States Constitution.

26. As a direct and proximate result of the unlawful conduct of Defendants, JENNIFER NEWMAN was caused to suffer severe pain, mental anguish, and an agonizing death.

27. Additionally, the actions of Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses.

28. As a result of JENNOFER NEWMAN's death, PERRY NEWMAN. has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, Plaintiff requests judgment against Defendants jointly and severally for general, special, and punitive damages, in a sum that to this Court may deem just and reasonable in the premises, for costs of the suit and attorney's fees, and for such other relief as the Court may deem just and equitable.

## COUNT III

R.S.Mo. §537.080(1) Wrongful Death

29. Paragraphs 1 – 28 are incorporated herein by reference as though fully set forth.

30. Plaintiff PERRY NEWMAN maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

31. Defendants negligently, carelessly and recklessly failed to provide JENNIFER NEWMAN with emergency medical care or transport her to a hospital.

32. As a direct and proximate result of the negligence, carelessness and recklessness of defendants described above, JENNIFER NEWMAN was caused to suffer severe pain, mental anguish, and an agonizing death.

33. Additionally, the actions of Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses.

34. As a result of JENNIFER NEWMAN's death, PERRY NEWMAN has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

35. That Plaintiff is entitled to recover for all damages, including pain and suffering experienced by decedent, for which decedent would be entitled to claim had death not ensued.

WHEREFORE, the Plaintiff prays for judgment against Defendants jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable, for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future, and for such other and further relief as the Court deems just and proper.

## COUNT IV

Negligent Hiring

36. Paragraphs 1 – 35 are incorporated herein by reference as though fully set forth.

37. At all time material hereto, Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS had been hired and were employed by Defendants CITY and DEPARTMENT.

38. At the time of the occurrence, Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS were acting within the course and scope of his agency and/or employment by Defendants CITY and DEPARTMENT.

Electronically Filed - St Louis County - September 25, 2017 - 09:09 AM

39. Defendants CITY and DEPARTMENT were negligent is its hiring and training of Defendants WILLOUGHBY, CRUPPER, MAULL, and SERVERS.

40. As a direct and proximate result of the negligent conduct of Defendants CITY and DEPARTMENT described above, JENNIFER NEWMAN was caused to suffer severe pain, mental anguish, and an agonizing death.

41. Additionally, the actions of Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses.

42. As a result of JENNIFER NEWMAN's death, PERRY NEWMAN has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, the Plaintiff prays for judgment against Defendants jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future. The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

THE GREEN LAW FIRM LLC

By: */s/ William M. Green*
WILLIAM M. GREEN #41451
Attorneys for Plaintiff
7733 Forsyth Blvd., suite 1100
St. Louis, Missouri 63105-3758
(314) 421-1300
(314) 862-5542  Facsimile
bgreen@claytonlegal.com